### CONSTANTINE v. VAN WINKLE, 6 Hill, 177.
#### In S. Ct. 1 Hill, 240.

*Deed by Husband and Wife of Wife's Estate; Acknowledgment of Wife.*

EJECTMENT by Van Winkle in the court below.

The defendant Constantine claimed the premises in controversy, by virtue of a deed executed in May, 1760, by John Van Winkle and Jane his wife, to one J. V. W. from whom he derived title. The property belonged to Jane the wife; the deed was witnessed by two witnesses, but did not appear to have been acknowledged in any form by either of the grantors. The possession of the premises had been ever since 1760, either in the grantee, or those claiming under him as owners. The plaintiff claimed title by a deed executed in 1811, as heir at law of one quarter, and by virtue of a deed from his sister of her share.

Jane the wife died in 1796, and her husband in 1816. The suit was brought in 1831.

The Superior Court charged the jury that the deed of 1760 was not sufficient to pass the estate of Jane the wife, and that the grantee and those claiming under him acquired nothing under it but the life estate of the husband. The court further charged that the deed of the sister of her share was not void by reason of adverse possession. Exception. Verdict for plaintiffs for one half of the premises.

The Supreme Court affirmed the judgment.

The Court of Errors however held, that by an *ancient usage* in the colony of New York, existing independent of any statute, a *feme covert* might, in conjunction with her husband, convey her interest in real estate by deed, without resorting to the common law mode of fine and recovery. 2. That, as the deed was given by husband and wife in 1760 to a purchaser in good faith and for a valuable consideration, the wife being then seized in fee in her own right, and it appearing that the purchaser was in possession at the time of the passage of the act of February 16, 1771, "to confirm certain ancient conveyances, &c.," the deed was valid and operative as against those claiming under the wife, though she had never acknowledged it in any form.

It was also held, that the deed which after describing the husband and wife as parties of the first part, stated that *he* by and with the voluntary consent of his wife, and for the consideration of the sum, &c., to *him* in hand paid, granted, &c., all the estate of *them* the said husband and wife, &c., and afterwards a clause by which "the said J. and *his said wife*, do grant, &c., peaceably and quietly, &c., to enjoy forever," although informal and inartificial, contained sufficient granting words to convey the fee simple of the estate, and at this late period, it ought not to be set aside for mere informality.

The court expressed no opinion as to the validity of the deed of the sister during an alleged adverse possession.

Judgment unanimously *reversed*, 21 for *reversal*.